**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-61178-BLOOM/Valle**

DRY MASTERS SPECIALIST, LLC,

    Plaintiff,

v.

AMERICAN PROPERTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO REINSTATE CLOSED CASE

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Reinstate Closed Case, ECF No. [33] (the "Motion"), filed on March 29, 2019. In the Motion, Plaintiff requests that Court "reinstate this closed case." For the reasons set forth below, the Motion is denied.

On December 10, 2018, the Court entered an Order Scheduling Mediation before John Salmon on February 13, 2019. ECF No. [29]. In that Order, the Court required the parties to file a mediation report no later than February 19, 2019. When the parties failed to timely file their mediation report, the Court entered an Order to Show Cause requiring the parties to file their mediation report on or before February 22, 2019. *See* ECF No. [30]. The Court also cautioned the parties that the failure to comply would result in dismissal of this case without prejudice and without further notice. *Id.* When the parties again failed to submit the mediation report, the Court entered an order dismissing the instant case for failure to comply with Court orders on February 25, 2019. *See* ECF No. [31].

In the Motion, Plaintiff contends that because it has now filed a mediation report, ECF No. [32], more than a month after the order of dismissal, the "basis for the closing of this case has

ended," and accordingly requests that this case should be returned to the docket. The Court disagrees.

First, the Court did not merely close this case—this case was dismissed. Second, the basis for the dismissal was not the failure to file a mediation report, but the failure to comply with two Court orders. As such, it appears that Plaintiff is in fact requesting that the Court vacate its order of dismissal under Rule 60 of the Federal Rules of Civil Procedure. *See also Ramtahal v. Am. Sec. Ins. Co.*, 2015 WL 12850618, at * 1 (S.D. Fla. Apr. 17, 2015) (applying Rule 60 to a motion to vacate order of dismissal and to reinstate case).

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

In the Motion, Plaintiff makes no attempt to explain why, in light of the Court's dismissal of this case for failure to comply with Court orders, the filing of a mediation report more than a month after the Court's order of dismissal would constitute sufficient cause under Rule 60(b) for the Court to vacate the dismissal.

Accordingly, it is **ORDERED AND ADJUDGED** that Motion, **ECF No. [33]**, is **DENIED**, and this case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 29, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record