UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61178-BLOOM/Valle

DRY MASTERS SPECIALIST, LLC,

    Plaintiff,

v.

AMERICAN PROPERTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION TO VACATE

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Vacate Order of Dismissal Pursuant to Fed. R. Civ. P. 60(b), ECF No. [36] (the "Motion"), filed on June 6, 2019. In the Motion, Plaintiff requests that Court vacate the order of dismissal without prejudice, ECF No. [31] ("Order"). For the reasons set forth below, the Motion is denied.

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech*

*Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Ultimately, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

In the Motion, Plaintiff contends that the Order should be vacated under Rule 60(b)(1) or 60(b)(6) because the Order "is the very definition of 'surprise' [to Plaintiff] or at least of 'excusable neglect,'" and that the circumstances otherwise justify relief in this case. ECF No. [36]. The only support Plaintiff offers for its contention is that as a result of correspondence from the mediator, Plaintiff understood that the mediator would and had timely filed the mediation report. However, that is insufficient to justify relief in this case.

First, the Court's Order Scheduling Mediation required the parties—not the mediator—to file a mediation report by a certain date. *See* ECF No. [29] ("On or before **February 19, 2019**, *the parties* shall file a mediation report . . . .") (emphasis added). Thus, whether or not the mediator filed a report and when is irrelevant. Second, after the parties failed to timely file a mediation report, the Court entered an Order to Show Cause, requiring that the report be filed on or before February 22, 2019, and cautioning the parties that the failure to comply would result in dismissal of this case without prejudice and without further notice. *See* ECF No. [30] ("Failure to [file a mediation report] *shall* result in dismissal without prejudice and without further notice.") (emphasis added). As a result, Plaintiff's assertion that it was taken "completely by surprise" when the Court dismissed this case is unsupported by the record. Finally, Plaintiff again, as it did in its motion to reopen, ECF No. [33], makes no attempt to explain how the failure to comply with two Court orders—the reason for which this case was dismissed—may be attributed to excusable

neglect, or otherwise justify relief under Rule 60(b).

Accordingly, it is **ORDERED AND ADJUDGED** that Motion, **ECF No. [36]**, is **DENIED**, and this case shall remain closed. If Plaintiff wishes to contest this action vigorously on the merits, Plaintiff is free to re-file and is cautioned to thereafter comply with court orders.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 10, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record